Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2107 | DATE | November 20, 2003 |
| CASE TITLE | We Deliver America v General Growth | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Memorandum opinion and order entered. Defendant's motion to dismiss is denied as to count II and granted as to count III. Status hearing date of 12/3/03 is to stand.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | NOV 21 2003 date docketed | 21 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WE DELIVER AMERICA, INC., a corporation, )
)
Plaintiff, )
) No. 03 C 2107
v. )
) Judge Robert W. Gettleman
GENERAL GROWTH PROPERTIES, INC., )
a corporation, )
)
Defendant. )
)
_____)
)
GENERAL GROWTH PROPERTIES, INC., )
a corporation, )
)
Counterplaintiff, )
)
v. )
)
LARRY TUCKER, individually, d/b/a WE )
DELIVER AMERICA, )
)
Counterdefendant. )



## MEMORANDUM OPINION AND ORDER

Plaintiff, We Deliver America, Inc., has brought a three count first amended complaint against defendant, General Growth Properties, Inc., alleging breach of contract, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 et. seq., and common law fraud in the inducement in Counts I through III respectively. Defendant has moved to dismiss Counts II and III for failure to plead fraud with the particularity required under Fed. R. Civ. P. 9(b), and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons set forth below, defendant's motion is denied as to Count II and granted as to Count III.

## FACTS

Plaintiff is a direct marketing company engaged in the distribution of coupons on behalf of its customers to targeted members of the general public. One method plaintiff uses is to contract to have packages containing the coupons distributed in various places where members of the public congregate, such as shopping malls. Defendant is the owner and operator of approximately 125 shopping malls throughout the United States.

On August 9, 2002, plaintiff and defendant entered into a License Agreement under which each of defendant's 125 malls would accept freight delivery of approximately 32,000 coupon packets, erect kiosks at exits in each mall, initially stock the kiosks with packets, store the packets not yet stocked, and replenish the kiosks a minimum of five times a day, never allowing the kiosks to be empty. Plaintiff alleges generally that defendant failed to accept delivery of the packets in a timely manner, failed to timely erect the kiosks, failed to properly locate the kiosks near at least four exists at each mall, and failed to fully stock and restock the kiosks, allowing them to become empty. In addition, plaintiff alleges that during negotiation of the contract, Fran Collins of defendant specifically represented that defendant had engaged previously in successful coupon distribution campaigns, and that staff at each mall was experienced and able to successfully complete a campaign of the size and duration being discussed. Plaintiff alleges that these representations were false, that Collins knew they were false when made, and that Collins knew the malls did not have sufficient staff or facilities to accept delivery of 32,000 coupon packets each, erect kiosks, store the unstocked packets and replenish the kiosks with coupon packets in a timely manner.

## DISCUSSION

In Count II, plaintiff alleges that defendant has violated the Consumer Fraud Act. Defendant argues that the count fails to plead the fraud with the specificity required by Fed. R. Civ. P. 9(b), which applies to all claims of fraud, including claims under the Consumer Fraud Act. Nakajima All Co., Ltd. v. SL Ventures Corp., 2001 WL 641415 at *5 (N.D. Ill. 2001). To satisfy Rule 9(b), the complaint must allege the circumstances of fraud with particularity. According to the Seventh Circuit, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

The first amended complaint alleges that Fran Collins, at an October 31, 2001, meeting at defendant's offices in Chicago, told Larry Tucker of plaintiff that defendant had engaged in this type of campaign previously, and that the malls had adequate and experienced staff to handle the complete campaign. Later, on December 31, 2001, defendant, again through Collins, submitted a written proposal under which each mall would erect temporary kiosks and see that they remained fully stocked. The complaint further alleges that Collins knew that the malls did not have the personnel to perform as required under that proposal. These facts are sufficient to inform defendant of the alleged fraud and comply with Rule 9(b).

Defendant also argues that Count II fails to state a claim under the Consumer Fraud Act because plaintiff is not a consumer and has not satisfied the "consumer nexus" test by alleging facts to show that the conduct involves trade practices directed to the market generally or otherwise implicates consumer protection concerns. Athay Products Corp. v. Harris Bank Roselle, 89 F.3d 430, 437 (7th Cir. 1996); Duchossois Industries, Inc. v. Crawford & Co., 2001 WL 59031 (N.D. Ill. 2001). Under the Act, a consumer is defined as "any person who purchases or contracts for the

3

purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). The term "person" includes any business entity or association. 815 ILCS 505/1(c). "Merchandise" includes services. 815 ILCS 505/1(b). Because plaintiff, a business, contracted for defendant's services for use in its business but not to incorporate into a product resold by plaintiff, plaintiff is a consumer of defendant's product and need not meet the consumer nexus test. Duchossois, 2001 WL 59031 at * 3-4. Accordingly, defendant's motion to dismiss Count II is denied.

In Count III, plaintiff alleges that defendant fraudulently induced plaintiff into entering into the License Agreement. Defendant has moved to dismiss, arguing that plaintiff cannot allege reasonable reliance because the agreement contains a "reliance clause." Paragraph 12 of the License Agreement provides:

> This agreement contains the entire agreement between the parties. The parties agree that the execution of this agreement has not been induced by any promises, understandings, or representations not expressed herein and there are no collateral agreements between them dealing with the subject matter of this agreement.

Plaintiff does not dispute that paragraph 12 contains both an integration clause and a reliance clause, nor that the general law is that such a reliance clause precludes any claim of deceit by prior representation. See Rissman v. Rissman, 213 F.3d 381, 384 (7th Cir. 2000). Instead, plaintiff argues that a reliance clause acts to foreclose only those claims based on contrary oral falsehoods when the written document reveals the truth. Plaintiff discerns this theory from Judge Easterbrook's statement in Rissman that the principle behind the court's holding on reliance clauses is "fundamentally the same as a doctrine long accepted in this circuit: that a person who has received written disclosure of the truth may not claim to rely on contrary oral falsehoods." Id.

According to plaintiff, the contract in questions does not "disclose truth," but in fact contains written disclosures of lies. Plaintiff essentially argues that the contract did in fact integrate all the promises made to it, but that those promises were false. That, of course, merely articulates plaintiff's breach of contract claim. To the extent that plaintiff also alleges that defendant lied about its intent to perform, that is a claim for breach of a promise of future performance which is not actionable in Illinois. See Clark v. Robert W. Baird Co., Inc., 142 F. Supp. 2d 1065, 1073-74 (N.D. Ill. 2001) (Promissory fraud is actionable only when "the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud."). Therefore, because plaintiff specifically agreed that it was not induced to enter the contract by any extra contractual promises, it cannot state a claim for common law fraud based on any such promise.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is denied as to Count II and granted as to Count III.

**ENTER:** **November 20, 2003**

_____
**Robert W. Gettleman**
**United States District Judge**